# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER E. LONGSTRETH, )
)
                      Petitioner, )
)
vs. ) Case No. CIV-16-420-JHP-KEW
)
KEN KLINGLER, Warden, )
)
                      Respondent. )

## OPINION AND ORDER

This matter comes before the court on a Motion to Dismiss (Dkt. # 10) petitioner's petition for writ of habeas corpus (Dkt. # 2) brought pursuant to 28 U.S.C. § 2241 in which petitioner seeks his immediate release from custody. Respondent seeks dismissal for two reasons: (1) the petition is time barred and (2) failure to exhaust administrative remedies. On December 6, 2016, petitioner discharged his sentence and he is no longer incarcerated by the respondent. *See*, Dkt. #s 13 and 14.

### Statement of the Facts

Petitioner was sentenced on May 5, 1987, in Tulsa County Case No. CF-1987-601, to serve 45 years for Shooting with Intent to Kill, AFCF. Dkt. # 10-2. Petitioner began serving this sentence on May 5, 1987 and completed it on July 22, 2012. On July 22, 2012, Petitioner rebilled and begin serving a 5 year sentence for Burglary of an Automobile in Tulsa County Case No. CRF-81-4094, concurrently with a 5 year sentence for Possession of a Firearm, AFCF in Tulsa County Case No. CRF-87-602. Dkt. #s 10-3 and 10-4. These two

5 year concurrent sentences were completed on December 1, 2015. Dkt. # 10-5. On December 1, 2015, Petitioner rebilled and began serving a 3 year sentence for possession of marijuana in a penal institution, Cleveland County Case No. CF-93-1529. The judgment in this case indicated that the sentence imposed was to "run consecutive to any term the defendant is currently serving." Dkt. # 10-6 at p. 2. Petitioner completely discharged this sentence on December 6, 2016 and was released from prison with no supervision requirements. Dkt. # 13-1.

Petitioner filed the instant petition on October 6, 2016 alleging that he should have begun serving his Cleveland County case on July 22, 2012, which according to the petition would have entitled him to release from prison on December 1, 2015. Petitioner's challenge to the Cleveland County sentence and how it was to be served apparently stem from his belief that the CF-93-1529 was to run consecutive to CF-1987-601 and concurrent with CRF-87-602. The judgment and sentence in CF-93-1529 are silent as to this sentence running concurrent with any other sentences.

On August 7, 2015, petitioner filed an Application for Amended Judgment and Sentence Nunc Pro Tunc in the Cleveland County District Court, State of Oklahoma. In his application, Petitioner stated that the "negotiated plea included the term to be served consecutive with CRF-87-601, but concurrent with CRF-87-602." Dkt. # 3-3, at p. 1. On August 20, 2015, the District Court denied relief finding "the application states no factual or legal basis to demonstrate that Defendant is entitled to such relief." Dkt. # 3-3, at p. 3. Petitioner perfected an appeal to the Oklahoma Court of Criminal Appeals and on January

26, 2016, in Case No. MA-2015-806, the Oklahoma appellate court found no support for petitioner's claim that the judgment and sentence incorrectly reflected how his sentence was to be served.

Federal judicial power is limited by the Constitution to actual cases or controversies. U.S. Const. art. III, § 2. A case becomes moot when a plaintiff no longer suffers "actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 375, 78 L.Ed.2d 58 (1983). Even though petitioner is no longer in custody, the "in custody" requirement of § 2241 is satisfied because he filed his habeas application while he was incarcerated. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). However, the more significant question is whether petitioner's subsequent release from the Oklahoma Department of Corrections moots his petition since the court is no longer presented with a case or controversy under Article III of the United States Constitution. *Id*.

The fact petitioner is no longer in custody does not automatically moot Petitioner's petition. *Riley v. INS*, 310 F.3d 1253 (10th Cir. 2002). This court's inquiry must become whether petitioner meets one of the exceptions to the mootness doctrine. The court should not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d at 1257 (quoting *Chong v. District Director, INS,* 264 F.3d 378, 384 (3rd Cir. 2001). Where an

3

inmate's sentence has expired, some concrete and continuing injury other than the now-ended incarceration - some "collateral consequence" of the conviction - must exist if the suit is to be maintained. *Spencer*, 523 U.S. at 7. In this case, petitioner is not challenging the conviction itself. Rather, he solely challenges whether it should have been served concurrently with two other convictions. To the extent that petitioner was already a three-time convicted felon prior to entering his plea in Cleveland County, this court finds no collateral consequences exist which survive his release from prison. *See*, Dkt. # 13-1. Accordingly, this court finds this action is moot and dismisses the same.

    It is so ordered on this 6th day of September, 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma